**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BENTON BYRNES**                                                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:15-CV-19-KS-MTP**

**CITY OF HATTIESBURG**                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matters is before the Court on Defendant City of Hattiesburg's Motion for Summary Judgment [47]. After reviewing the submissions of the parties, the record, and applicable law, the Court finds that Defendants' motion is well taken and should be granted.

**I. BACKGROUND**

On February 27, 2015, Plaintiff Benton Byrnes ("Plaintiff") filed his Complaint [1] against Defendant City of Hattiesburg ("Defendant"). Plaintiff claims he was discriminated against and suffered a hostile work environment because of Defendant's failures in disciplining another employee, Michael Means ("Means"), after he harassed Plaintiff. Plaintiff brings his claims under Title VII of the Civil Rights Act of 1964 (as amended), 28 U.S.C. § 1981, the Rehabilitation Act, and the Americans with Disabilities Act. Plaintiff is claiming discrimination based his race, white, and his disability, cerebral palsy.

Discovery concluded on January 15, 2016, and Defendant filed the current Motion for Summary Judgment [47] on January 22, 2016.

**II. DISCUSSION**

    **A.**     **Standard of Review**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**B.     Hostile Work Environment**

In his Complaint [1], Plaintiff claims that Defendant discriminated against him by allowing him to be subjected to a hostile work environment based on his race and disability. To prove a hostile work environment claims, Plaintiff must show that:

> (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action.

*Equal Emp't Opportunity Comm'n v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Plaintiff argues that the harassment he suffered from Means created a hostile work environment and that Defendant is liable because sufficient remedial action was not taken. However, because Plaintiff has failed to introduce any evidence that the alleged actions of Means were based on either his race or his disability, the Court must grant summary judgment to Defendant. *See Brown*, 663 F.3d at 766 (quoting *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548).

It is not enough to establish that Plaintiff is a member of a protected class and that he has been harassed—Plaintiff must show that he was harassed *because* of his membership in a protected class. *WC&M Enters.*, 496 F.3d at 399. This is a separate element of his claim that Plaintiff must establish in order to survive summary judgment. *Id.* Plaintiff has put forth no evidence of animus stemming from either his race or his disability that caused Means' actions. In fact, Plaintiff admits that Means never made any statement about either his race or disability. (Plaintiff Depo. [52-2] at p. 6:12-24.) The Court knows of no precedent that would allow it to infer harassment based on membership in a protected class simply because the sole victim of the alleged perpetrator was a member of that protected class. Therefore, without evidence that the harassment suffered was based on Plaintiff's race or disability, the Court must find that he has failed to establish his discrimination claims based on a hostile work environment.

Plaintiff's arguments against summary judgment focus on the pervasiveness of Means' harassment and Defendant's failure to sufficiently remedy the situation. These arguments, though, go towards the fourth and fifth elements of his claim. *See WC&M Enters.*, 496 F.3d at 399 ("... (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action."). Plaintiff also attempts to make out additional claims of discrimination on the part of Defendant, but these claims were not brought in the original Complaint [1] and cannot be the basis for defeating summary judgment. Plaintiff does not address the fact that he has failed to bring forth any evidence, other than his own subjective belief, that Means targeted him because of his race or disability.

Therefore, because Plaintiff has failed to establish an essential element of his claims, the Court must **grant** Defendant's Motion for Summary Judgment [47].

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [47] is **granted**.

SO ORDERED AND ADJUDGED this the 18th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE